UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETH BACHER *et al.*,
   *Plaintiffs*,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC. *et al.*,
   *Defendants*.

No. 3:22-cv-01432 (JAM)

## ORDER GRANTING MOTION TO REMAND

The Class Action Fairness Act ("CAFA") generally allows for federal jurisdiction over cases that qualify as a "mass action." As relevant here, a "mass action" includes "any civil action … in which monetary relief claims of 100 or more persons are *proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).

The defendants invoked this "mass action" provision as grounds to remove this case and eight similar cases that the plaintiffs initially filed in Connecticut state court. The defendants filed their notices of removal after the plaintiffs filed a motion in state court to consolidate all nine of the cases. The defendants argue that by filing their motion to consolidate the plaintiffs proposed a joint trial of the claims of more than 100 persons. The plaintiffs do not agree. They have moved to remand, arguing that they proposed consolidation solely for the purpose of pre-trial case management and not for a joint trial.

I conclude that the defendants have not carried their burden to show that there was a "mass action" to trigger federal jurisdiction under CAFA, because the defendants have not shown that the plaintiffs proposed a joint trial of their claims. Accordingly, I will grant the plaintiffs' motion to remand to state court.

1

## BACKGROUND

This action is one of nine separate lawsuits involving highly similar personal injury claims by a total of more than 800 plaintiffs against several companies that manufacture or distribute a pharmaceutical product known as Zantac. All nine of the actions were initially filed during the Summer of 2022 in the Connecticut Superior Court for the Judicial District of Danbury, and each action includes somewhere between 80 to 99 plaintiffs.

In the Fall of 2022, counsel for plaintiffs and for one of the defendants communicated with respect to the plaintiffs' proposal to file a motion to consolidate the actions and for transfer of the actions to the specialized Complex Litigation Docket ("CLD") of the Connecticut Superior Court.[1] On October 21, 2022, defense counsel wrote the following email to plaintiffs' counsel:

> Before I start making my calls, I want to make sure my notes are accurate. Plaintiffs want all cases consolidated in the same court and as far as CLD designation, would like to designate: 1) Hartford, 2) Stamford. If I have that right, I will start making calls today and hopefully get back to you early next week.[2]

Five days later, counsel for plaintiffs wrote: "My guys are anxious to file the consolidation motions/CLD application. Any progress on your end?"[3] Defense counsel responded: "It appears all defendants are comfortable with recommending: 1) Hartford and 2) Stamford under CLD."[4] Plaintiffs' counsel responded "Thanks," and "We'll prepare the consolidation motion and CLD application."[5]

Several more days passed before defense counsel inquired of plaintiffs' counsel: "Any update on Plaintiffs' CLD application?"[6] Plaintiffs' counsel replied: "We're working on the

---

[1] Docs. #30-2, #30-3, #40-1; *see also* State of Connecticut Judicial Branch, *Facts About the Connecticut Judicial Branch Complex Litigation Docket*, https://www.jud.ct.gov/external/super/FACTS_092021.pdf (last accessed January 17, 2023) [https://perma.cc/VJ8A-GGME].
[2] Doc. #30-2 at 3.
[3] *Ibid.*
[4] *Id.* at 2.
[5] *Ibid.*
[6] Doc. #30-3 at 2.

consolidation motions today. Our thought is to get everything consolidated and then file the CLD so we can do it with one application. I expect will have step one on file this week."[7]

On that same day, the plaintiffs filed a motion in the Connecticut Superior Court for the Judicial District of Danbury to consolidate all nine actions.[8] The motion stated that it was filed "[p]ursuant to Conn. Prac. Book § 9-5" and set forth verbatim the following grounds:

1. These actions are all against the same Defendants.

2. All of the actions involve the same legal claims sounding in product liability related to the heartburn medication Zantac.

3. It is likely that issues raised in any one of the cases could impact the other cases.

4. Consolidating these actions will allow for the court to manage all of them in an orderly and efficient manner.

5. Plaintiffs are filing similar consolidation motions in each of the above-listed actions.

6. All Defendants consent to this proposed consolidation.[9]

There is no record that the state court acted on the motion to consolidate. Instead, on November 4, 2022, the chief administrative judge for the Connecticut Superior Court *sua sponte* issued an order conditionally ordering the transfer of the nine actions to the Complex Litigation Docket.[10]

But that transfer never happened because on November 10, 2022, the defendants filed notices of removal for all nine actions. The plaintiffs in turn have moved to remand all of the actions to the Connecticut Superior Court.

---

[7] *Ibid.* Although it is not completely clear why the plaintiffs sought to consolidate the nine cases prior to transfer, "[p]ursuant to Connecticut General Statutes Sec. 52-259, there is a $335.00 fee for each case requested" for transfer to the CLD. *See Facts About the Connecticut Judicial Branch Complex Litigation Docket*, *supra* note 1, at 1.
[8] Doc. #1-2 at 84–85; *see also* Doc. #1 at 5 (¶ 12).
[9] Doc. #1-2 at 84–85. The defendants do not dispute that they consented to transfer to the CLD but dispute that they consented to the proposed consolidation. Doc. #40 at 8; Doc. #40-1 at 2–3 (¶¶ 9–10).
[10] Doc. #30 at 2; Doc. #30-1 at 2.

3

**DISCUSSION**

CAFA "expanded the jurisdiction of the federal courts to allow class actions originally filed in state courts that conform to particular requirements to be removed to federal district courts." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).[11] "In general, CAFA amended the diversity statute to confer federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members (the 'numerosity' requirement); (2) minimal diversity exists between the parties, (i.e., where 'any member of a class of plaintiffs is a citizen of a State different from any defendant'); and (3) the aggregate amount in controversy exceeds $5,000,000." *Ibid.* (citing 28 U.S.C. § 1332(d)(2)–(6)).

"CAFA's reach, however, is limited in the first instance to actions that qualify as either a 'class action' or a 'mass action.'" *Ibid.* (citing 28 U.S.C. § 1332(d)(1)–(2), (11), and 28 U.S.C. § 1453(b)). According to CAFA, "a mass action shall be deemed to be a class action removable" from state court to federal court for the same reasons that a defendant may remove a class action. 28 U.S.C. § 1332(d)(11)(A). Thus, "defendants in civil suits may remove 'mass actions' from state to federal court." *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014).

CAFA defines a "mass action" in relevant part to mean "'any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Importantly, CAFA makes clear that a "mass action" does not include cases for which "the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

---

[11] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

4

According to the defendants, they properly removed this case because the plaintiffs' filing in state court of their motion to consolidate satisfies CAFA's "mass action" requirement—specifically, that the actions now involve claims of more than 100 persons that have been "proposed to be tried jointly." By contrast, the plaintiffs argue that they did not propose a joint trial of their claims but only that their actions be consolidated for purposes of pre-trial case management proceedings.[12]

I agree with the plaintiffs. The body of their motion does not seek or propose a joint trial of the separate actions. The most natural interpretation of their motion and the context in which it was filed is that they sought consolidation only for purposes of pre-trial case management. Specifically, they stated in their motion that "[i]t is likely that issues raised in any one of the cases could impact the other cases" and that consolidation "will allow for the court to manage all of them in an orderly and efficient manner."

Moreover, the evidence of communications between counsel prior to the plaintiffs' filing of their motion to consolidate does not suggest that the plaintiffs were seeking or proposing to consolidate the cases for purposes of trial. As best as I can tell, the plaintiffs sought consolidation as no more than an expedient for an easier and less costly transfer of the cases to the Complex Litigation Docket for superior case management.

The defendants rely on the fact that the plaintiffs' motion cites § 9-5 of the Connecticut Practice Book. That provision provides in pertinent part: "Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." Conn. Prac. Book § 9-5(a). It does not refer to consolidation for pre-trial case management purposes.

---

[12] Doc. #30 at 4–10.

Does the fact that the plaintiffs cited a provision that by its terms refers only to consolidation for trial mean that the plaintiffs necessarily "proposed" a joint trial of their claims? At first glance, I thought so but on balance am not convinced in light of all the surrounding circumstances. To begin with, there is no other provision of the Connecticut Practice Book that expressly references and authorizes a motion to consolidate for pre-trial discovery and case management. So the fact that the plaintiffs cited the most nearly applicable rule of the Connecticut Practice Book—rather than citing no rule or provision at all—does not conclusively establish that they were proposing consolidation for purpose of trial.

Indeed, at least one Connecticut court has treated a motion filed for consolidation under § 9-5 of the Connecticut Practice Book as grounds to consolidate for pre-trial purposes only and not necessarily for purpose of trial. *See DiBella v. Town of Greenwich*, 2012 WL 2899242, at *2 (Conn. Super. Ct. 2012). In light of the *DiBella* decision, it was not unreasonable for the plaintiffs to cite § 9-5 of the Connecticut Practice Book and for all concerned to understand that the plaintiffs were *not* necessarily proposing consolidation for purpose of trial.

A recent decision of this Court cites two Connecticut state court cases in further support of this proposition, noting that the two cases "[a]t most … indicate that some Connecticut trial courts have interpreted § 9-5 to allow consolidation for some or even all pre-trial purposes." *Caprio v. Gorawara*, 2019 WL 13222943, at *2 n.1 (D. Conn.) ((citing *Post v. Brennan*, 2008 WL 2967094, at *1 (Conn. Super. Ct. 2008), and *Groth v. Redmond*, 194 A.2d 531, 532 (Conn. Super. Ct. 1962)), *adhered to in relevant part on reconsideration*, 2019 WL 6463684 (D. Conn. 2019).

The defendants misplace their reliance on the Fifth Circuit's decision in *Lester v. Exxon Mobil Corp.*, 879 F.3d 582 (5th Cir. 2018). In *Lester*, the court affirmed the denial of a motion to

remand where the plaintiffs' underlying motion to consolidate had cited a Louisiana law regarding which "Louisiana case law seems to have interpreted … to *only* permit consolidation for trial, as opposed to pretrial, purposes." *Id.* at 587 (emphasis in original). Here, as I have noted above, Connecticut case law has not so strictly interpreted § 9-5 of the Connecticut Practice Book to foreclose a court from granting consolidation for pre-trial purposes only.

Moreover, the motion filed by the plaintiffs in *Lester* expressly sought "to 'effect a consolidation *for purpose of trial*.'" *Ibid.* (emphasis added). Here, by contrast, the body of the plaintiffs' motion does not request consolidation for purpose of trial. The body of the motion seeks consolidation "for the court to manage all [the cases] in an orderly and efficient manner."

The other cases cited by the defendants similarly involved far more definitive evidence that the plaintiffs at issue had proposed a consolidation for purpose of trial. *See Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1225 (9th Cir. 2014) (*en banc*) (plaintiffs moved to consolidate "for all purposes"); *Atwell v. Bos. Sci. Corp.*, 740 F.3d 1160, 1161 (8th Cir. 2013) (plaintiffs "filed similar motions proposing that the state court assign each group 'to a single Judge for purposes of discovery and trial'"); *In re Abbott Lab'ys, Inc.*, 698 F.3d 568, 571 (7th Cir. 2012) ("[P]laintiffs said they were requesting consolidation of the cases 'through trial' and 'not solely for pretrial proceedings.'").

Could the plaintiffs have filed a motion that made their intent clearer, such as by expressly disclaiming any request to consolidate for trial? Yes, they could have—and no doubt wished they did. But my role is not to grade or foot-fault the quality of the plaintiffs' filings. I must decide if the plaintiffs actually proposed consolidation for a joint trial. They did not.

As the Tenth Circuit has noted, "the common usage of the word 'propose' involves an intentional act." *Parson v. Johnson & Johnson*, 749 F.3d 879, 888 (10th Cir. 2014). And as the

7

Eleventh Circuit has suggested when grappling with the same CAFA provision, "we would hardly say that a mouse 'proposes' to be eaten by a cat when it makes the mistake of being seen by the cat, recognizes the danger, and then quickly scurries away." *Scimone v. Carnival Corp.*, 720 F.3d 876, 884 (11th Cir. 2013). Instead, "[t]he more natural reading of the provision is that the plaintiffs must actually want, or at least intend to bring about, what they are proposing." *Ibid.* The record before me does not show that the plaintiffs wanted or intended to bring about a joint trial of all their claims when they filed their motion to consolidate.

The defendants conceded at oral argument that it is their burden to establish the grounds for federal jurisdiction and that removal is proper. *See also Montefiore Med. Ctr. v. Teamsters Loc.* 272, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper."). The most that can be said for the defendants' position is that the plaintiffs cited a Practice Book provision that provides for consolidation for trial—even though under Connecticut law, moving to consolidate pursuant to § 9-5 does not necessarily entail consolidation for purpose of trial. This is too slim a reed to carry the defendants' burden to prove that the plaintiffs proposed to consolidate their nine cases for a joint trial. At best, the evidence is in equipoise, and that means I must rule for the plaintiffs.

Lastly, it is readily apparent that the plaintiffs lawfully structured their state court complaints, most of which are a single plaintiff shy of the 100-plaintiff federal removal threshold, in order to avoid the defendants' resort to CAFA to force the litigation to proceed in federal court. It would be odd—and unfair as well—to interpret the plaintiffs' motion to consolidate as an effort to invite removal to federal court and to undo their plans to litigate in a state court forum that they carefully chose in the first place.

## CONCLUSION

The defendants have not carried their burden to show that the plaintiffs proposed to consolidate their nine separate actions for purpose of a joint trial. Accordingly, there was no proper ground for the defendants to remove this action. The Court GRANTS the plaintiffs' motion to remand (Doc. #29) and DENIES as moot the plaintiffs' motion for leave to withdraw and/or clarify their motion to consolidate (Doc. #31).

I will enter docket orders in the eight related cases adopting the result and reasoning of this ruling for the parallel motions to remand filed by the plaintiffs in each case. Absent a timely motion for reconsideration or further court order, the Clerk of Court shall remand this action and the eight related actions in accordance with the timeline and procedures set forth by Rule 83.7 of the District of Connecticut Local Rules of Civil Procedure.

It is so ordered.

Dated at New Haven this 17th day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge